FILED'06 MAY 10 10:24 USDC·ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                     CR 04-30044-1-AA

       Plaintiff,
                                              OPINION AND ORDER
  v.

DAVID JOHN CAMARATO,

       Defendant.

_____

AIKEN, Judge:

    Defendant, appearing pro se, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The motion is denied.

BACKGROUND

    On July 5, 2004, defendant's car was stopped for erratic

1   - OPINION AND ORDER

driving.  According to the relevant police report, defendant was visibly and unquestionably under the influence of intoxicants. Defendant failed numerous field sobriety tests and had an outstanding felony arrest warrant.  After defendant was arrested and taken into custody, Oregon State Trooper Ken Snook searched defendant's vehicle.  Snook found numerous nitrous oxide cartridges, marijuana, and marijuana pipes.  In the trunk, Snook found a digital camera containing numerous photographs of a marijuana grow and a folder containing two photographs of defendant and another individual holding assault rifles while standing in an inside marijuana grow area.

From property adjacent to defendant's, narcotics detectives observed two greenhouses that matched the photographs, the outline of marijuana plants through the translucent plastic, and smelled the odor of green marijuana.  Based on these facts, officers obtained a search warrant for defendant's premises.  Officers found and seized 119 marijuana plants and 78 marijuana rootballs from the greenhouses, 18 marijuana plants from defendant's basement, and seven marijuana plants in various pots.  Just inside defendant's front door, in a stairwell leading to the basement, officers found a loaded and fully-automatic Sten MK II machine gun, a loaded SKS assault rifle, and a loaded shotgun.  Additionally, officers found a methamphetamine lab in one of defendant's bedrooms.

An indictment was returned charging defendant with possession

2    - OPINION AND ORDER

of an unregistered machine gun, two counts of felon in possession of a firearm (the SKS rifle and shotgun), the manufacture of 100 or more marijuana plants, and the manufacture of methamphetamine. Additionally, the indictment contained sentencing allegations that: 1) the offense involved a machine gun and the defendant committed the offense after a felony drug conviction; 2) the offense involved three firearms; 3) at least one of the firearms was stolen; and 4) the defendant used or possessed any firearm or ammunition in connection with another felony offense.

After extensive plea negotiations, the government agreed that it would not file a Superceding Indictment seeking a thirty-year consecutive, mandatory minimum sentence for possession of a machine gun in furtherance of a drug trafficking offense pursuant to 18 U.S.C. § 924(c)(1)(A) and (B)(ii). Instead, the government would file an Enhancing Information under 21 U.S.C. § 851 alleging defendant's prior felony conviction for manufacture of marijuana to support a mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(B)(vii). Defendant agreed to plead guilty to the manufacture of 100 or more plants of marijuana, possession of an unregistered machine gun, and felon in possession of a firearm (SKS rifle). Defendant also agreed to admit criminal forfeiture of his property and provide a truthful debriefing. Finally, defendant waived his right to appeal or collaterally attack his conviction or sentence, except on grounds of ineffective assistance of counsel,

3    - OPINION AND ORDER

newly discovered evidence, or retroactive application of the guidelines.

On February 24, 2005, defendant was sentenced to 120 months imprisonment.  On January 30, 2006, defendant filed the instant motion.

DISCUSSION

Defendant argues that his counsel was ineffective by failing to investigate various facts and circumstances of the case before advising defendant to accept the government's plea offer.  To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, defendant would not have pleaded guilty.  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).  Here, defendant fails to present evidence that counsel's performance was deficient or that prejudice resulted from any deficiency.

First, defendant argues that counsel failed to research the legality of defendant's car stop and the search of the digital camera which revealed pictures of a marijuana grow operation.

4    - OPINION AND ORDER

The automobile exception justifies a warrantless search of an automobile due to its attendant mobility and the reduced expectation of privacy. California v. Carney, 471 U.S. 386, 392-93 (1985). Thus, after a lawful traffic stop, "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." California v. Acevedo, 500 U.S. 565, 580 (1991). Further, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982).

Here, defendant does not argue, nor could he, that the traffic stop lacked probable cause or was otherwise unlawful. Further, evidence obtained by Trooper Snook during the stop established probable cause to search defendant's vehicle. Defendant was visibly under the influence of intoxicants, Trooper Snook observed nitrous oxide cartridges in plain view, defendant admitted that he had recently smoked marijuana and ingested mushrooms, and the odor of marijuana was detected from a wicker basket on the floorboard. Therefore, Trooper Snook possessed probable cause to search defendant's vehicle and any containers found in the vehicle that could conceal contraband or evidence.

With respect to the digital camera, Trooper Snook stated that in his experience, people often will take photographs of themselves

and others while they are becoming "high."  Given the contraband
and drug paraphernalia found in the car, Trooper Snook had probable
cause to view the photographs contained in the digital camera.
Regardless, Trooper Snook found separate photographs contained in
an unsealed folder that depicted defendant holding assault weapons
while standing in front of a marijuana grow.  Therefore, even the
search of the digital camera lacked probable cause, the separate
photographs provided independent grounds to support the search
warrant for defendant's property.

Second, defendant argues that counsel failed to adequately
investigate the number of marijuana plants and determine whether
each plant had a sufficient root structure.  However, given the
fact that 144 plants and 78 rootballs were seized from defendant's
property, the offense clearly involved 100 or more marijuana
plants, rendering an independent plant count unnecessary and non-
prejudicial.

Third, defendant argues that counsel failed to inform him that
the government could not pursue the charge of unlawful possession
of a machine gun or seek a thirty-year mandatory minimum under 18
U.S.C. § 924(c)(1)(A) and (B)(ii), because the government could not
establish that the machine gun had traveled in interstate commerce.
However, the case relied on by defendant has since been vacated.
See United States v. Stewart, 125 S. Ct. 2899 (2005).  Further,
unlike the defendant in Stewart, defendant here was charged with

6    - OPINION AND ORDER

possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d), an offense that is based on Congress's power to tax rather than its power to regulate interstate commerce. See Hunter v. United States, 73 F.3d 260, 262 (9th Cir. 1996). Likewise, a potential 30-year mandatory sentence for possession of a machine gun in relation to a drug trafficking crime does not require that the firearm have an interstate nexus. 18 U.S.C. § 924(c)(1). Moreover, as alleged in the indictment, the machine gun possessed was a Sten model (manufactured in Great Britain) rather than assembled from scavenger parts as asserted by defendant.

Fourth, defendant argues that counsel failed to tell him that the methamphetamine manufacturing charge exposed defendant to a lesser sentence than the marijuana manufacturing charges. However, the methamphetamine charge was dismissed as a result of plea negotiations, and defendant fails to explain why this failure constitutes deficient performance or why he would have not entered a guilty plea had he been informed of this fact.

Fifth, defendant argues that counsel failed to tell him that the guidelines sentencing range for the marijuana manufacturing charge was less than the mandatory minimum sentence for an offense involving 100 or more marijuana plants, and that defendant could plead guilty without admitting drug quantity to force the government to prove quantity beyond a reasonable doubt. Regardless of the guidelines sentencing range (which had been rendered

7    - OPINION AND ORDER

advisory at the time of defendant's sentencing), defendant's sentence was governed by the statutory mandatory minimum sentence rather than the guidelines. See 21 U.S.C. § 841(b)(1)(B)(vii). Moreover, the government's plea offer did not allow defendant to plead guilty to an indeterminate quantity of marijuana.

Defendant also complains that counsel failed to file a notice of appeal and that he was promised a sentence at the low end of the sentencing guideline range. However, defendant waived his right to appeal as noted above, and the government made no promises regarding a sentence under the guidelines.

Finally, defendant argues that counsel failed to argue that defendant's prior conviction for marijuana manufacturing was not a felony pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). However, defendant's prior conviction was rendered final well before Blakely and Booker were decided and these decisions do not apply to defendant's prior state court conviction. See United States v. Moreno-Hernandez, 419 F.3d 906, 914-15 (9th Cir.), cert. denied, 126 S. Ct. 636 (2005).

In sum, defendant fails to establish ineffective assistance of counsel to support the relief he seeks.

///

///

///

///

8    - OPINION AND ORDER

<u>CONCLUSION</u>

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 35) is DENIED.

IT IS SO ORDERED.

Dated this ___9___ day of May, 2006.


_____
Ann Aiken
United States District Judge


9    - OPINION AND ORDER